FILED

4:32 pm, 3/26/13

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

In re                                )
                                     )
    GLENN MARTIN. FORD,              )      Case No.   12-20132
                                     )      Chapter 7
              Debtor.                )

## OPINION ON MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

On February 13, 2013, this matter came before the court for an evidentiary hearing

on the Motion for an Order Granting Relief from the Automatic Stay ("Motion")

pursuant to 11 U.S.C. § 362(d) filed by Natasha Saypol ("Saypol") and the objection

filed by Glenn Martin Ford ("Debtor").  Upon a request by Saypol, and concurrence by

Debtor, the court combined the hearings on the same issue in the chapter 13 bankruptcy

case: *In re Karen W. Ford*, (case number 12-20094) for the purpose of receiving

testimony and evidence into the record.

Saypol brings this motion before the court "out of deference and an abundance of

caution" asking this court to determine: (1) that the automatic stay is not applicable; or,

(2)  grant Saypol relief from the stay to pursue sanctions against the Debtor in Wyoming

state court.  At the conclusion of the hearing, the court took the matter under advisement.

After reviewing the record, testimony and evidence, the court is prepared to rule.

**Jurisdiction**

This court has jurisdiction of this matter under 28 U.S.C. §§ 1334 and 157.  This

is a core proceeding under § 157(b)(2)(G). The motion was brought pursuant to 11

U.S.C. § 362(d).[1]

**Facts**

Debtor filed for chapter 7 bankruptcy relief on February 24, 2012. Debtor and

Saypol are minority members of Flat Creek Capital, LLC ("Flat Creek"). Debtor's

spouse, Karen Ford owns seventy-five percent (75%) of Flat Creek's shares and is its

managing member. Flat Creek is not a debtor in any bankruptcy case. Saypol filed an

adversary complaint in Debtor's bankruptcy case to determine the dischargeability of

Saypol's claims.

Saypol also filed an action in the Wyoming state district court against Flat Creek

on June 7, 2012, for two claims of relief: (1) a statutory cause of action seeking to assert

Saypol's right to Flat Creek's books and information; and, (2) an accounting action.

Saypol's and Flat Creek's attorneys participated in scheduling Debtor's deposition for

October 23, 2012 to depose Debtor as a witness in the state court proceeding. Debtor

appeared and refused to answer questions, at the direction of his counsel.

**Discussion**

The issue before the court is whether the automatic stay applies, to forestall a

debtor in bankruptcy from testifying at a deposition as a witness involving a state court

action in which neither party to the action is in bankruptcy. Saypol asserts that the

---

[1] Unless otherwise noted, all statutory references are to Title 11 of the United States Code.

automatic stay does not apply or she should be granted relief to pursue sanctions in the

Wyoming state court for Debtor's action at a deposition regarding the state court suit.

Debtor filed an objection asserting: (1) that this Motion is premature as Debtor had filed

a motion to alter or amend the Bankruptcy Court's order denying Debtor's motion to

limit deposition testimony;[2] and, (2) allowing Saypol to proceed in state court requires

the Debtor to use post-petition funds to defend in state court and is interfering with his

"fresh start." At the hearing, Debtor raised additional objections: (1) Saypol is using the

state court proceedings to advance her position in the adversary which is an infringement

on the bankruptcy court's jurisdiction; and, (2) Debtor's bankruptcy counsel was not

provided notice of the scheduled deposition.

The Bankruptcy Code provides,

> "On request of a party in interest and after notice and a hearing, the court
> shall grant relief from the stay provided under subsection (a) of this section, such
> as by terminating, annulling, modifying, or conditioning such stay–
> (1)      for cause, including the lack of adequate protection of an interest in
> property of such party in interest..."[3]

The automatic stay serves to shield both a debtor and his creditors by permitting

the debtor to marshal his affairs and by ensuring that the bankruptcy procedure may

provide an orderly resolution of all claims. Under § 362(d)(1) stay relief may be granted

for cause. Cause is not defined in the Bankruptcy Code. Relief from stay for cause is a

---

[2] On March 4, 2013, the Bankruptcy Court entered its Order Denying Debtor-Defendant, Glenn Ford's Motion to Alter or Amend Order.

[3] § 362(d)(1) and (2).

discretionary determination made by the court, on a case-by-case basis. A moving party

has the burden of showing that "cause" exists to lift the stay after which the burden shifts

to a debtor to demonstrate why the stay should remain in place.[4]

Courts in the Tenth Circuit have not addressed the applicability of the automatic

stay in a pending state court action in which the debtor is a witness, not a party.[5] The

cases that this court reviewed involved a debtor in bankruptcy that was also a party in the

pending state or federal district court action.

The Bankruptcy Court for the Eastern District of New York analyzed the

applicability of the automatic stay to non-debtor corporate defendants, stating,

"Subsection 362(a)(1) is generally not available to non-debtors."[6] One exception to this

general rule is that in "unusual circumstances" the automatic stay could be extended to

actions against non-debtors, where there is such an identity between the debtor and the

---

[4] *In re Busch*, 294 B.R. 137 (10th Cir. BAP, 2003).

[5] *In re Hughes*, Case No. 08-11096-7, 2008 Bankr. LEXIS 3128 (Bankr. D. Kan. Oct. 14, 2008)
(Claimants were allowed to proceed in state court to obtain judgments determining the amount of compensatory and
punitive damages, if any, the debtor owed, and allowed to recover those judgments from insurance coverage.); *In re
Phillips*, 40 B.R. 194 (Bankr. D. Colo. 1984)(Court granted creditors relief from the stay to perfect their right of
recovery from the Colorado Real Estate Recovery Fund, noting that unless the stay was modified the creditors would
be deprived of any opportunity to seek redress from the fund.) *In re Peterson*, 116 B.R. 247, (Bankr. D. Colo. 1990)
(The court found creditor should be granted relief to add the debtor as a defendant in a pending legal malpractice
action against his law firm. There was a stipulation from the creditor that any judgment would not be executed, so
the action did not affect the debtor or his assets.) *In re Jim's Maintenance Sons, Inc.*, 418 Fed. Appx. 726, 2001 U.S.
App. LEXIS 6746 (10th Cir. 2011)(The Court of Appeals affirmed the bankruptcy court's orders granting creditors'
motion to lift the stay to allow the creditors to pursue claims against the debtors in federal district court litigation.) *In
re Dryja*, 425 B.R. 608 (Bankr. D. Colo. 2010). (Bankruptcy court modified stay to allow wife to continue a
pending divorce action in order to divide the marital property, with enforcement to take place in the bankruptcy
court.)

[6] *In re Pitts*, Case No. 808-74860, Adv. Proc. No. 80–8230, 2009 Bankr. LEXIS 4023 (Bankr. E.D. N,Y
Dec. 8, 2009) citing *Teachers Ins. & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 65 (2nd Cir. 1986).

third-party defendant that is a judgment against the third-party defendant will in effect,

be a judgment or finding against the debtor.  The Ninth Circuit Court of Appeals held

that when a non-debtor has obligations that are independent, and not based or the

obligations of the debtor, the unusual circumstances exemption is inapplicable[7]

This court finds that although the Debtor and Flat Creek's actions may be

intertwined, Flat Creek's obligations as a business entity are independent of the Debtor's

obligations and does not apply the "unusual circumstances" exception.

In the motion before this court, the court finds that the Wyoming state court action

involves Flat Creek and Saypol, with the Debtor testifying as a witness.  Flat Creek is not

a debtor in bankruptcy.  Debtor is the managing member of Flat Creek.  However, Flat

Creek is an independent business entity.  Therefore, the court shall grant Saypol's motion

for relief from the stay.  Additionally, Saypol testified that she does not intend to execute

on any judgment, if any, without the Bankruptcy Court's approval.  This court finds that

the Debtor's estate will not be affected.

The court finds that, based on the complaint and the testimony, Debtor's objection

asserting that the deposition infringes upon this court's jurisdiction, is without merit.

Saypol's request for an  accounting and records under Wyoming law should be

determined by the Wyoming state court.  Debtor's objection that his bankruptcy attorney

did not receive notice of the deposition, is a fact matter to be raised in the Wyoming

---

[7] *In re Chugach Forest Products, Inc.* 23 F.3d 241 (9th Cir. 1994).

district court.

This opinion constitutes the Court's findings of fact and conclusions of law. A

separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this _26_ day of March, 2013.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Christopher Bryan
Stephen Winship